JAMES J. MARKS and CHRISTINE T. MARKS, husband and wife, v.
C. A. FIELDS and CLIFFORD B. FIELDS.

36 So. (2nd) 612
May 11, 1948
Rehearing granted June 1, 1948
Opinion on rehearing granted July 30, 1948

January Term, 1948
Special Division A

*Jones, Latham & McLane,* for appellants.
*Coe & Eggart,* for appellees.

WHITE, Associate Justice:

Appellees, as plaintiffs in the lower court, recovered judgment against the appellants as the result of a jury verdict. Plaintiffs' declaration was in one count and stated an action of deceit. The suit arose out of a transaction wherein plaintiffs had accepted from defendants a written lease covering a vacant lot in the City of Pensacola, which plaintiffs intended to use in the sale of second hand automobiles. They complained that defendants had orally represented that the zoning ordinance of the city did not prohibit the use of the property for that purpose. After acceptance of the lease plaintiffs discovered that the representation was false.

At the conclusion of the introduction of testimony by paintiffs at the trial, and after they had rested their case,

the court ruled that a verdict should be directed for defendants. Plaintiffs then submitted to a non-suit and, over defendants' objection, were permitted to file instanter an amended declaration for "money had and received." Defendants' original pleas, notwithstanding that they were responsive to an action ex delicto, remained as before until the court submitted the case to the jury. At that stage defendants demurred "ore tenus" to the amended declaration. Upon an adverse ruling on the demurrer, defendants read into the record three pleas, one of which was "never were indebted as alleged." Plaintiffs followed with two replications. A demurrer to each was overruled and defendants then read into the record a "rejoinder." This all occurred while the jury was deliberating.

When confronted with a ruling such as was made at the close of plaintiffs' case counsel should demand a continuance to enable the parties to prepare to meet the new issues presented by such a fundamental change in position.

"Deceit" is a tort. The action is a form of trespass on the case. The general issue is "not guilty." A purchaser who chooses to bring an action of deceit after having been induced to accept inferior goods by fraudulent misrepresentations by the seller, affirms the bargain and, in effect, says: "Notwithstanding that I have received inferior goods, I elect to keep them and I demand that I be compensated for the difference in the value of what I actually received and what I should have received."

On the other hand, the plaintiff may waive the tort and sue for "money had and received." In that case he disaffirms the bargain and, in effect, says: "I do not choose to keep the inferior goods. I offer to return them and I desire that my money be repaid to me." Preliminary to bringing such an action the purchaser should restore, or offer to restore, the fruits of the bargain.

Whether the common count in Florida for "money had and received" states an action of "debt" or "assumpsit" may be open to question. Professor Clifford W. Crandall, for more than thirty years an outstanding pedagogue at the University

of Florida, and to whom hundreds of Florida lawyers who have passed through his classes in "Common Law Pleading," are indebted for some appreciation of the principles of the science, says:

"The parent volume brings out that general assumpsit is but the action of debt in another form and was devised to avoid the trial by wager of law. That method of trial was abolished before our statute was enacted by Parliament, consequently there was at that time no real need for general assumpsit. Since the parent volume was written the writer has become convinced that in passing this statute Parliament intended to do away with general assumpsit (the intent of the Florida Legislature must be said to be the same as that of Parliament) and that these statutory forms, which the bench and bar, and teachers of law, too, have for years been terming the common counts in assumpsit, are really counts in debt." (Florida Common Law Practice: Crandall, 1940 Supplement, p. 147).

"Debt" was a form of action at common law. "Assumpsit" was not. Assumpsit gradually developed from the action of trespass on the case, which had its origin in the Statute of Westminster II. Assumpsit at first was classified as an action ex delicto, but as actions ex delicto and ex contractu developed distinct characteristics, assumpsit assumed "promissory" features and fell into the category of an action ex contractu. The general issue is "never was indebted as alleged."

Whether or not the common count for "money had and received" states an action of "debt" or "assumpsit" makes no difference in the case at bar. Settlement of that question must be left for the occasion, should it come about, when the difference is important. Much stress is being placed in recent times on rules which abolish the forms of action in pleading. Those who see a procedural panacea in such provisions should refer to a discussion on the subject entitled "The Theory of the Case" found at page 276 of "Cases in Common Law Pleading," (2nd Ed.) by Charles A. Keigwin, (Lawyers Co-Operative Publishing Company, Rochester, N. Y.). The classical statement: "The forms of action we

have buried, but they still rule us from their graves," (Maitland; Forms of Action, 296) is there forcefully illustrated.

At any rate, the actions of deceit on one hand and debt or assumpsit on the other, in such a case as this, are inconsistent. By one the plaintiff affirms. By the other he disaffirms.

Another distinction happened to be important in this instance. Deceit, being an action ex delicto, liability thereunder is several. Debt and assumpsit are actions ex contractu and liability is joint. The suit here was against two defendants, and plaintiffs, at the time they changed their form of action, had sought to establish liability of only one of the defendants.

The ruling by the lower court that plaintiffs might waive the tort and sue in assumpsit after they had rested their case at the trial, violated the well settled principle that litigants "shall not be allowed to approbate and reprobate." Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 So. 435 (1900); American Process Co. v. Fla. Brick Co., 56 Fla. 116, 47 So. 942 (1908); Capitol City Bank v. Hilson, 64 Fla. 206, 60 So. 189 (1912); Weeke v. Reeve, 65 Fla. 374, 61 So. 749 (1913); McCormick v. Rodeker, 119 Fla. 20, 160 So. 483 (1935); Gralyn Laundry, Inc. v. Va. Etc. Corp. 121 Fla. 312, 163 So. 706 (1935); Beers v. Atlas Assurance Co. (Wis.) 285 N.W. 794., 123 A.L.R. 372 (1939); Annotation, 123 A.L.R. 378; 18 Am. Jur. p. 160, Sec. 42.

In the case of Weeke v. Reeve, supra, this court said:

"Where the election of a remedy assumes the existence of a particular status or relation of the party to the subject-matter of litigation, the party cannot afterwards pursue another remedy by which he assumes a different and inconsistent status or relation to the subject matter."

In McCormic v. Rodeker, supra, this court quoted with approval from 20 C.J. 8, as follows:

"Where the remedies afforded are inconsistent it is the election of one of such remedies which operates as a bar; but where the remedies afforded are consistent it is the satisfaction of the claim which operates as a bar."

The reason for the rule is that courts cannot permit a vacillating and capricious litigant to blow hot and cold or play fast and loose by indecision and uncertainty.

The views here expressed are not to be understood as modifying anything said in Williams v. Robinson, 124 Fla. 422, 168 So. 644 (1936). The factual situation in the instant case is different from that in the Williams case, and different principles of procedure are involved.

In addition to the irregularity just discussed there is yet another reason why the judgment cannot stand. If there was no tort, neither was there liability for "money had and received." Waiving the tort and suing in assumpsit does not create additional substantive rights as the lower court ruled. By such a procedure there is merely an *election of remedy* and exactly the same state of facts must be shown in order to maintain either. Ann. Cas. 1913D, p. 229. Thus if the facts relied upon would not support an action of deceit, neither would they support an action for "money had and received."

The lower court might well have directed the verdict for the defendants upon the principle that "fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law." 23 Am. Jur. p. 809, Sec. 45. Or the court might equally have directed the verdict because "a person to whom false representations have been made is not entitled to relief because of them if he might readily have ascertained the truth by ordinary care and attention, and his failure to do so was the result of his own negligence." 23 Am. Jur. p. 960, Sec. 155.

If an action of deceit would not lie because of that policy of the law, then for the same reason an action for "money had and received," would not lie, because the reason which prompts such a policy would be just as impelling in one form of action as in the other.

It follows that when plaintiffs submitted to an involuntary non-suit of their action of deceit they likewise were nonsuited on an action for "money had and received" because "exactly the same state of facts must be shown in order to maintain

either." The change in the form of action gave them no additional substantive rights.

Reversed.

TERRELL, Acting Chief Justice, CHAPMAN and ADAMS, JJ., concur.

ADAMS, J.:

On May 11, 1948, we considered this case and reversed the judgment. On June 1, we granted a rehearing and now proceed to a consideration of the case on rehearing granted. A full statement of the case is made in the opinion of Associate Justice WHITE when first considered and, therefore, further elaboration will not be made here.

Upon further study of the case we are convinced that the judgment appealed from should be affirmed.

The law of our state favors liberality in amendments to pleadings. We cannot say that the trial judge abused its discretion in allowing the change of the action from deceit to assumpsit. Any harm which might have come to defendant as a result thereof lay in forcing him to plead instanter and proceed with the trial. Defendant might well have asked for time to plead to the new action. This he did not do. He may not then later complain because he took his chance in pleading instanter and proceeding with the trial.

The doctrine of election of remedies will not avail appellant. Plaintiff, in fact, had no remedy in deceit. See Capital City Bank v. Hilson, 64 Fla. 206, 60 So. 189; Williams v. Robineau, 124 Fla. 422, 168 So. 644.

In this case the parties contracted for the use of a property which use was not allowed by law. Whether both or either knew of such zoning law makes no difference because the consideration wholly failed and the money paid for the contract should be returned and the parties mutually released. See The American Law Institute's Committee on Restatement of the Law of Contracts, Vol. II, page 677, Sec. 372.

For these reasons the judgment appealed from is affirmed.

TERRELL, CHAPMAN and HOBSON, JJ., concur.

THOMAS, C. J., SEBRING, J., and WHITE, Associate Justice, dissent.

WHITE, Associate Justice, dissenting:

I adhere to the original opinion. The record discloses without contradiction, that plaintiff in the lower court entered into possession of the premises after acceptance of the lease, stored some of his possessions there and, for aught that appears, remained in possession at the time of the institution of suit. Thus, I cannot agree that the "consideration wholly failed."

THOMAS, C.J., and SEBRING, J., concur.