228 So.2d 634 (1969)
Oliver A. NANTELL and Eileen M. Nantell, His Wife, Appellants,
v.
LIM-WICK CONSTRUCTION COMPANY, a Florida Corporation, Charles W. Clayton, Jr., and W. Malcolm Clayton, Doing Business As Claytons' Realty, and H.R. Bridgewater, Appellees.
No. 2248.
District Court of Appeal of Florida. Fourth District.
November 26, 1969.
Rehearing Denied January 2, 1970.
*635 Charles H. Williams, Orlando, for appellants.
Eli H. Subin, of Roth, Segal & Levine, Orlando, for appellees Clayton and Bridgewater.
Benjamin T. Shuman, of Waterhouse & Shuman, Orlando, for appellee Lim-Wick Construction.
CROSS, Chief Judge.
Plaintiffs-appellants, Oliver A. Nantell and Eileen M. Nantell, his wife, appeal a final order entered in favor of the defendants-appellees, Lim-Wick Construction Company, a Florida corporation, Charles W. Clayton, Jr., and W. Malcolm Clayton, doing business as Claytons' Realty, and H.R. Bridgewater, dismissing a cause of action for fraud in a real estate transaction for failure to file an amended complaint within the time allotted by the court. We reverse.
Plaintiffs' appeal is bottomed upon an assertion that the complaint before the trial court was sufficient to state a cause of action. The facts alleged in the complaint found in the record, leaving out the formal parts and those which are superfluous, in essence are as follows:
"COUNT I
"That the plaintiffs were residents and engaged in a commercial business in Brevard County, Florida, and due to the physical condition of the plaintiff, Oliver A. Nantell, the plaintiffs desired to move to the Orlando area to establish a business similar to that which they operated in Brevard County, to-wit, a florist and gift shop; that the plaintiffs on the 3rd day of October, 1966, met with the defendants, who were in the realty business, for the purpose of being shown several commercial properties to operate a florist and gift shop; that the salesman of the defendants, one H.R. Bridgewater, took the plaintiffs to various commercial properties, which were listed with his employer by the owners, and that all the properties were designated to be zoned for commercial operations; that the salesman acting within the scope of his authority for the Defendant-Claytons' Realty showed a certain described property to the plaintiffs. At the time the said property was shown to the plaintiffs, the salesman represented to them that the property was zoned "professional" but that the zoning on the said property would be changed without difficulty by the sellers with the assistance of the Defendant-Claytons' Realty so as to permit the plaintiffs to operate a florist and gift shop; that these representations were false and that the defendant knew them to be false and that the defendant intended to defraud the plaintiffs, and that the plaintiffs believed the said representations to be true and that the plaintiffs relied thereon and as a result thereof the plaintiffs suffered damage.
"Subsequent thereto the plaintiffs executed a contract that was prepared by the Defendant-Bridgewater, acting for and on behalf of his employers, the other defendants mentioned herein, and that the plaintiffs delivered to the Defendant-Bridgewater their check in the amount of $1,000 payable to the Defendant-Claytons' *636 Realty as an earnest money deposit on the purchase of the said property [exhibits of the money deposit check were attached to the complaint]; that the plaintiffs did so as the result of the representations of Claytons' Realty, which representations were relied upon by the plaintiffs and more fully appear in a letter [which was attached to the complaint as Exhibit C]; that subsequent to the execution of the contract and prior to the closing thereof the defendants embarked upon a course of conduct with intent to deceive and defraud the plaintiffs by causing the plaintiffs to believe that the zoning for the property was such that would permit the operation of a florist and gift shop; that the defendant, Lim-Wick Construction Company, by and through J.E. Ludwick and Jack Limback came to the plaintiffs' residence for the purpose of urging an earlier closing date, advising that it was necessary that they close in order that the defendant, Lim-Wick Construction Company, could obtain more construction money for building other residences; that on another occasion the Defendant-Bridgewater, together with his wife, came to the residence of the plaintiffs for the purpose of urging an earlier closing; that the Defendant-Bridgewater advised the plaintiffs that the transaction was ready to close, and that all requirements had been met, and that the defendants' representations were false and the defendants knew them to be false, and that the said defendant was acting on behalf of the Defendant-Claytons' Realty with intent to defraud the plaintiffs, and the plaintiffs believed the said representation to be true and relied thereon and suffered damages thereby.
"After the closing the plaintiffs moved their business equipment, fixtures, supplies, etc., from Brevard County to the said property, and that on or about December 10, 1966, the City of Altamonte Springs (the City in which the property was located) ordered the plaintiffs to close their business or they would be arrested for violating zoning ordinances then in existence inasmuch as the property was not zoned for the operation of a florist and gift shop as represented by the defendants; that as a direct and proximate result of defendants' false representations, which representations the defendants knew to be false and by which representations the defendants intended to defraud the plaintiffs, and which representations the plaintiffs believed to be true and relied thereon, and that the plaintiffs did suffer great damage and loss in that said real property had no commercial value; they became obligated to pay great sums of money, lost profits, costs of seasonal merchandise which they could not use and costs of moving from Brevard County; interests and costs of this action totaling $45,000.
"COUNT II
"Plaintiffs further allege that the said defendants intentionally induced the plaintiffs to purchase the real property and did intentionally, wilfully and maliciously misinform the plaintiffs concerning the zoning classification of the said property and that the defendants' representations were false and that the defendants knew them to be false, and that the defendants intended to defraud the plaintiffs and plaintiffs believed said representations to be true.
"COUNT III
"That the said acts and conduct on the part of the defendants were done maliciously and with intent to defraud the plaintiffs, and that the said acts were accomplished as the result of a conspiracy among the said defendants to defraud the plaintiffs; that as a result of the said conspiracy the plaintiffs have been damaged. Count II and Count III sought $45,000 compensatory damages and $25,000 as punitive damages."
*637 The defendants filed motion to dismiss this complaint. Said motion was granted, and the court entered its order stating, "* * * [T]he Court is of the opinion that the complaint which sounds in tort does not and cannot state an action for fraud, deceit, conspiracy or any announced tort theory." The court granted leave to the plaintiffs to file an amended complaint sounding in contract within twenty days. Plaintiffs saw fit not to file an amended complaint, and on April 19, 1968, a final dismissal was entered by the court against them. It is from this order of dismissal that the plaintiffs now appeal.
Pursuant to Rule 1.120(b) RCP, 30 F.S.A., when a cause of action in fraud is alleged, the allegations relating thereto must be stated with such particularity as the circumstances may permit. In other words, the allegations should be specific and the facts constituting fraud clearly stated. Thompson v. Safeco Insurance Co., Fla.App. 1967, 199 So.2d 113; Kutner v. Kalish, Fla.App. 1965, 173 So.2d 763.
In testing the complaint upon a motion to dismiss, the well pleaded allegations therein contained are to be taken as true. It is not the court's duty to speculate as to what the true facts may be or what facts may be ultimately proved at the trial of the cause. The question of sufficiency of the evidence which the plaintiff may be able to produce at a hearing on the merits is wholly irrelevant and immaterial to reaching a decision on a motion to dismiss the complaint. The allegations taken as true are then viewed in the light of the applicable substantive law to determine the existence of a cause of action. Thompson v. Safeco Insurance Co. of America, supra.
For fraud to be actionable, the following elements must be made to appear: (1) a misrepresentation of material fact; (2) [a] knowledge of the representor of the misrepresentation, or [b] representations made by the representor without knowledge as to either truth or falsity, or [c] representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof; (3) an intention that the representor induce another to act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation. Joiner v. McCullers, 1947, 158 Fla. 562, 28 So.2d 823; Watson v. Jones, 1899, 41 Fla. 241, 25 So. 678.
Viewing the allegations in plaintiff's complaint in light of the substantive law, we glean the following:
1. That the defendants misrepresented a material fact, i.e., the zoning for said property would be changed without difficulty by the sellers with the assistance of Claytons' Realty so as to permit the plaintiffs to operate a florist and gift shop. Attached to the complaint illustrating that the above representation was made to the plaintiffs was a letter from the defendants to the plaintiffs, which stated in part:
"The people connected with Lim-Wick Construction Company, the owners of the property, as well as this office, are well acquainted with all the officials in Altamonte Springs, and can foresee no trouble in obtaining the desired zoning."
The defendants contend that the allegations concerning zoning in this case were mere statements of expectation and did not constitute an element of fraud. Such would be true if the parties were dealing at arm's length. Hart v. Marbury, 1921, 82 Fla. 317, 90 So. 173. However, this is not the case. The plaintiffs went to a real estate broker, relying upon his expertise in finding a parcel of property that could be used for a known purpose, i.e., a florist and gift shop. The defendant-real-estate-broker and its salesmen must be licensed by the State of Florida before they can participate in the activity of negotiating sales and purchases of property. All aspects of the real etstate business in which the broker and salesmen operate have become highly specialized and the *638 real estate broker and salesmen are now the confidants of the public in much the same manner as the lawyer and the banker. Their relationship to the public exacts the highest degree of trust and confidence. They are in reality fiduciaries and if they violate that trust imposed upon them, they should be held accountable. The term "fiduciary" certainly embraces both technical relationships and those informal relationships which exist when one man trusts in and relies upon another. Quinn v. Phipps, 1927, 93 Fla. 805, 113 So. 419, 54 A.L.R. 1173.
The defendants further contend that the complaint bases its allegations as to matters of law, i.e., zoning, and that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law. While generally true, this argument is hollow here, since although there are allegations in the complaint inferring that the property was zoned professional, the complaint further alleges that the defendants stated that the zoning for the said property would be changed without difficulty by the seller-defendant, Lim-Wick Construction Company, with the assistance of Claytons' Realty so as to permit the plaintiffs to operate a florist and gift shop. Such is not a misrepresentation of the law, but a misrepresentation of fact.
No useful purpose would be served by unduly lengthening this opinion by specifically pointing out each of the remaining allegations of the complaint and their compliance with the substantive law. Suffice it to say that the remaining required elements are set forth in the complaint: (2) that the defendant had knowledge of the misrepresentation; (3) that the misrepresentation was made with the intent of inducing the plaintiffs to act upon it; (4) that the plaintiffs justifiably relied upon the misrepresentation and sustained injury thereby.
For the foregoing reasons, we are of the conviction that the complaint states a cause of action sufficient to withstand a motion to dismiss.
Accordingly, the final order is reversed and the cause is remanded with directions for further proceedings consistent with this opinion.
Reversed and remanded with directions.
WALDEN, J., concurs.
OWEN, J., concurs, in part, and dissents in part.
OWEN, Judge (concurring in part, dissenting in part):
I concur that the amended complaint alleged sufficient facts to state a cause of action for deceit, and thus to survive a motion to dismiss. However, I have this view for reasons somewhat different than those expressed in the majority opinion.
The amended complaint alleges that after the written contract was entered into, the defendant Bridgewater advised the plaintiffs that the transaction was ready to close and that all requirements had been met. An expressed condition of the contract was that it was "* * * subject to seller securing proper zoning for the buyer to operate a florist and gift shop [on the property]." Alleging that the defendant Bridgewater knowingly misrepresented that this condition had been met, with the intention that the buyers would act upon it, and that the buyers did thereafter act upon it in justifiable reliance to their detriment, appellants have, in my opinion, stated a cause of action for deceit.
Count III of the amended complaint ostensibly seeks to state a cause of action for conspiracy. In my opinion, this portion of the amended complaint was properly dismissed for failure to state a cause of action. Liappas v. Augoustis, Fla. 1950, 47 So.2d 582; Ocala Loan Company v. Smith, Fla.App. 1963, 155 So.2d 711.
I would affirm the judgment as to the dismissal of Count III and reverse as to dismissal of Counts I and II.