COBB, Judge.
Luigi Fresia died and left a will with four codicils. One of the paragraphs of the will appointed Floyd Moore as executor[1] of the estate. Another paragraph of the will gave Floyd Moore, or in the alternative, his son, Robert Moore, the exclusive right to sell any real estate that might be in Fresia’s estate.[2] The changes made by the first and second codicils are not relevant to this appeal.[3] In the third codicil, Fresia deleted Floyd Moore as his executor, and replaced him with Dante Fresia, a nephew. In the fourth codicil, Fresia deleted his nephew as executor and named the Florida Bank and Trust Company of Daytona Beach as his personal representative.
The Florida Bank and Trust Company began probate proceedings on Fresia’s will and filed a petition for instructions with the court in which the bank asked the court to tell it whether the paragraph of the will directing it to use the Moores as its real estate agent was binding on the bank or if it was only advisory. The appellants objected to the notice of hearing on the petition for instructions on the ground that the proceeding was an adversary proceeding pursuant to Rule 5.025(a)(1), Florida Rules of Probate and Guardianship Procedure, and moved to continue the hearing. The appellants also answered the petition for *178 instructions and moved to dismiss the petition for instructions. The trial court denied the objection to the notice of hearing, denied the motion for continuance, denied the motion to dismiss, and struck the answer. The trial court then found that the paragraph in question, of the will, was not binding; and that the bank could sell the real estate without' a brpker, or could use a broker of its choosing without using Floyd Moore or Robert Moore. It is this order that the appellants are appealing.
Depending upon the intent of the testator, precatory words are sometimes mere recommendations and are sometimes mandatory. 35 Fla.Jur. Wills § 286 (1961); 80 Am.Jur.2d Wills § 1168 (1975). Oftentimes, when precatory words are addressed to the personal representative (i. e., as in directing the representative to divide the bequests among the beneficiaries in a certain manner, or to invest certain assets for the benefit of a beneficiary) such words are interpreted as mandatory. 80 Am.Jur.2d Wills § 1168 (1975); 95 C.J.S. Wills § 602(b) (1957).
However, that interpretation does not apply when the decedent is directing the representative to use the services of a particular individual in a fiduciary capacity. Where a provision of a will directs the representative to use a particular attorney, Florida has aligned itself with the majority view that such language is only advisory. In re Marks Estate, 83 So.2d 853 at 854 (Fla.1955). Where employment other than an attorney is involved, there is division among the state jurisdictions as to whether the provision of the will is binding. 1 Bowe-Parker: Page on Wills § 5.5 (1960). Since a real estate broker is a fiduciary, Nantell v. Lim-Wick Const. Co., 228 So.2d 634 (Fla. 4th DCA 1970), language in a will directing the representative to use a particular real estate broker is not binding on the representative, but rather is only advisory.
Since the trial court was construing the will by determining whether the language in question was binding or advisory, the appellants are correct in arguing that they were entitled to an adversary proceeding. However, since the issue involved is one of law rather than of fact, any error in not taking testimony was harmless.
AFFIRMED.
SHARP and COWART, JJ., concur.

. The term personal representative' has subsequently replaced the term executor. § 731.-201(25), Fla.Stat.

. It is my wish that my Executor, FLOYD MOORE, shall have the exclusive right to sell any real estate which might be in my estate at the time of my death. If, for any reason, the said Floyd Moore cannot act as my exclusive agent in the sale of said real estate, then it is my wish and I direct my Executor to use his son, ROBERT MOORE, as the exclusive real estate agent to sell and dispose of my said real estate.

.In the first codicil, Fresia eliminated a trust for a friend of his. In the second codicil, Fresia eliminated a specific bequest to a friend of his.