483 So.2d 472 (1986)
LA ROSA DEL MONTE EXPRESS, INC., Appellant,
v.
G.S.W. ENTERPRISES CORP., Appellee.
No. 85-772.
District Court of Appeal of Florida, Third District.
February 11, 1986.
Margulies & Rones and Victor K. Rones, North Miami Beach, for appellant.
Haley, Sinagra & Perez and James T. Haley and Michael A. Slivka, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
HENDRY, Judge.
Defendant La Rosa Del Monte Express, Inc. (La Rosa Del Monte) appeals an adverse final judgment entered pursuant to a jury verdict in favor of plaintiff G.S.W. Enterprises Corp. (G.S.W.).
The relevant facts may be briefly stated. La Rosa Del Monte entered into a lease agreement with G.S.W. whereby La Rosa Del Monte agreed to lease certain property from G.S.W. for the purpose of operating a moving and storage business. The lease provided: "[t]he premises shall be used by Tenant for Moving, Shipping, Storage Business, crating, and storage of Chattels and other personal property of all description whether owned or not owned by Tenant and for no other purposes, and further, Tenant agrees to use entire leased premises as herein above provided."
La Rosa Del Monte gave G.S.W. a security deposit of $1,860. It took possession of the property in December, 1979. In mid-1981, it vacated the property when it was served with a notice of violation by the City of Miami, ordering it to cease operation because its use of the property as a moving and storage business violated the city's zoning. After La Rosa Del Monte abandoned the property, G.S.W. notified it that G.S.W. was retaining the security deposit *473 and accelerating all payments due under the lease.
G.S.W. brought suit for breach of the lease agreement. La Rosa Del Monte answered with defenses and counterclaimed. After G.S.W. rested its case and at the close of all evidence, La Rosa Del Monte moved for a directed verdict. One of the grounds for its motions was that the contract was invalid for lack of consideration. The trial court denied La Rosa Del Monte's motions for directed verdict. The jury returned a verdict in favor of G.S.W. for $24,000. La Rosa Del Monte moved for a judgment notwithstanding the verdict, which the trial court denied. Subsequently, final judgment was entered on the verdict in favor of G.S.W.
On appeal, La Rosa Del Monte's primary contention is that the trial court erred in denying its motions for directed verdict and its motion for judgment notwithstanding the verdict,[1] as the contract is invalid for lack of consideration. We agree and reverse the judgment of the trial court. Our disposition of this issue makes it unnecessary for us to consider the other claims raised by the appellant.
Where parties contract for the use of a property which use is not allowed by law, the consideration wholly fails, and the money paid for the contract should be returned and the parties mutually released. Marks v. Fields, 160 Fla. 789, 36 So.2d 612 (1948). In Marks v. Fields, the plaintiffs leased the property from the defendants for the purpose of operating a used car business. The local zoning ordinance, however, prohibited the use of the property for that purpose. The court ruled that the contract was invalid as the consideration wholly failed.
The case at bar is virtually identical to the Marks case. La Rosa Del Monte leased the premises for the purpose of operating a moving and storage business. Its use of the property was specifically limited, under the lease, to those activities necessary to the operation of a moving and storage business. It was uncontradicted at trial that the use of the property as prescribed in the lease was in violation of Miami's zoning ordinances. We find, as the court did in Marks, that the lease is wholly lacking in consideration. Accordingly, the parties should be mutually released and La Rosa Del Monte's security deposit returned. We find no merit to La Rosa Del Monte's claim for moving expenses.
For the foregoing reasons and based upon the authorities cited, the trial court's final judgment is reversed and the court is directed to enter judgment in the appellant's favor, such judgment to include the return of appellant's security deposit.
Reversed.
NOTES
[1] Under present practice, a "motion for judgment notwithstanding the verdict" is now properly styled a "motion for judgment in accordance with motion for directed verdict." Fla.R. Civ.P. 1.480(b). The trial court's ruling on such motion is treated on appeal in accordance with the settled principles governing disposition of motions for directed verdict. Hendricks v. Dailey, 208 So.2d 101 (Fla. 1968); Greene v. Flewelling, 366 So.2d 777 (Fla. 2d DCA 1978), cert. denied, 374 So.2d 99 (Fla. 1979); Hall v. Ricardo, 331 So.2d 375 (Fla. 3d DCA 1976).