541 So.2d 783 (1989)
Hisashi NAGASHIMA, Appellant,
v.
Kelly Hunter BUSCK, Appellee.
No. 88-0092.
District Court of Appeal of Florida, Fourth District.
April 19, 1989.
John D. Krause, Fort Lauderdale, for appellant.
Gary J. Olsen of Morgan, Olsen & Olsen, Fort Lauderdale, for appellee.
RIVKIND, LEONARD, Associate Judge.
The trial court denied appellant an opportunity to amend his multiple count complaint and dismissed it with prejudice.
Appellant/buyer is appealing the dismissal of count III for fraud and count IV for reformation of the terms of a consummated contract of purchase and sale of a multifamily building.[1]
It appears from the record that the trial judge dismissed the fraud count on the ground that the alleged fraud was based upon a material misrepresentation of law instead of fact and, therefore, was not actionable. The reformation count was dismissed because the underlying cause of action for fraud was dismissed.
Appellee/seller sold appellant a multifamily building which consisted of three rental units. The seller had clearly marked each unit with a separate number. The sales contract represented that the building was a "free standing three unit building," and the seller allegedly made oral representations, relied upon by the buyer, that the property complied with all municipal ordinances.
The building, in fact, was zoned for a duplex, not a triplex, and the buyer has since been required to modify the structure to comply with applicable zoning laws. The buyer complains that the costs of modification and resulting diminution in value were directly attributable to the knowing deceit of the seller and constitutes actionable fraud.
It has long been the law in Florida that misrepresentations of law or matters of *784 law such as zoning representations cannot form the basis for a tort action in fraud. Marks v. Fields, 160 Fla. 789, 36 So.2d 612 (1948). We acknowledged this rule in Nantell v. Lim-Wick Construction Co., 228 So.2d 634 (Fla. 4th DCA 1969), and clearly held that misrepresentations of fact were actionable while those of law generally were not.[2]
The modern trend in the law seems to be moving away from the rigid fact/law distinction enunciated in Marks and Nantell. RESTATEMENT (SECOND) OF TORTS § 525 (1979), permits recovery for fraud where one makes a misrepresentation of law for the purpose of inducing another to act and the other's action in reliance causes pecuniary loss. Comment (b) to section 525 defines "misrepresentation" as not only words spoken or written, but any other conduct which amounts to an assertion not in accordance with the truth. RESTATEMENT (SECOND) OF TORTS § 545, permits recovery if the misrepresentation as to a matter of law includes an express or implied misrepresentation of fact.
The modern view expressed by the RESTATEMENT, which is in conflict with Marks, has not been addressed by our supreme court. We are not at liberty to adopt the RESTATEMENT view. Thus, we are bound by Marks and Nantell and, therefore, consider the allegations of appellant's complaint in light of those authorities.[3]
Though Marks is devoid of facts, we find nothing in that opinion to suggest that the supreme court intended an unscrupulous seller to profit from the fact that his factual material misrepresentations were placed under an umbrella of protection by his material misrepresentations as to the law.
We hold that the appellee's misrepresentations were primarily those of fact and as such, the appellant's complaint properly stated a cause of action for fraud.
Accordingly, we reverse the trial court's dismissal of counts III and IV and remand this cause for further proceedings in accordance herewith.
We believe the question involved herein to be one of great public importance. Accordingly, we certify the following question to the Supreme Court of Florida:
May a cause of action for fraud be maintained against a seller of property who falsely represents to the purchaser that the property is properly zoned for the three-unit building then occupying the property?
DOWNEY and ANSTEAD, JJ., concur.
NOTES
[1] The buyer seeks a reduction of the contract price to reflect the value of the building through reformation of the purchase money note.
[2] This court in Zuckerman-Vernon Corp. v. Rosen, 361 So.2d 804 (Fla. 4th DCA 1978), permitted recovery for fraud against a real estate broker who misrepresented the status of zoning to a vendee. Rosen did not address Marks and appears to be in conflict.
[3] We note that the facts of this case fall classically within the RESTATEMENT sections herein described and we observe that the time may be at hand to abandon the artificial fact/law distinction and recast Marks in conformity with those authorities.