[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13042
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cv-00284-JES-CM

BRE MARINER MARCO TOWN CENTER, LLC,
a Delaware limited liability company,

Plaintiff - Appellee,

versus

ZOOM TAN, INC.,
a Florida corporation,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 13, 2017)

Before MARCUS, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant-appellant Zoom Tan, Inc. appeals from the district court's grant

of summary judgment in favor of Plaintiff-appellee BRE Mariner Marco Town

Center, LLC.  BRE sued Zoom Tan for unpaid rent pursuant to a commercial lease. Zoom Tan offered a number of affirmative defenses mostly centered around the denial of a zoning permit that they claim prevented them from operating a tanning salon on the property, which was the only use allowed by the lease.  On appeal, Zoom Tan argues that the district court erred in denying its motion for summary judgment and granting BRE's motion for summary judgment because: (1) the doctrines of failure of consideration, illegality, frustration of purpose, impossibility, impracticability, and mutual mistake rendered the lease void, releasing both parties from its obligations; and (2) Zoom Tan was contractually excused from performing under the Lease due to an event beyond its control.  After thorough review, we affirm.

We review a summary judgment ruling de novo, viewing the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion.  Shaw v. Conn. Gen. Life Ins. Co., 353 F.3d 1276, 1282 (11th Cir. 2003).  "Summary judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1249 (11th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)).  We are bound by Florida law in deciding this diversity case. Hartford Acc. & Indem. Co. v. Beaver, 466 F.3d 1289, 1291 (11th Cir. 2006) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).  "Where the highest state

2

court has not provided the definitive answer to a question of state law, we must predict how the highest court would decide this case, looking to the decisions of the lower state courts for guidance." City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1287 (11th Cir. 2015) (quotation omitted).

The undisputed facts are these.  On March 22, 2013, BRE and Zoom Tan entered into a lease by which BRE agreed to let a store property to Zoom Tan for sole use as a tanning salon.  On August 5, Zoom Tan submitted a Commercial Addition/Alteration Building Permit Application to the City of Marco Island in order to make certain improvements to the property.  On August 30, Zoom Tan's application was denied; the reason provided for the denial was that "the use [Zoom Tan] plan[s] to operate at the above-mentioned address is not permitted in the city's C-4 zoning code."

On September 12, Zoom Tan notified BRE of the permit denial.  On October 2, BRE said that they had "engaged outside counsel to get involved with the issue," and that they would "let [Zoom Tan] know how it progresses."  On October 21, BRE sent contact information for a lawyer located in Marco Island to Zoom Tan, saying that "[w]e have found the contact in Marco that we believe will give you the best shot at getting your use restriction lifted."  Zoom Tan responded that "[w]e have no interest in spending money on attorneys plus we will [m]iss most of our season now."  Zoom Tan did not take possession of the store property, nor did

3

Zoom Tan pay the rent due.  On December 19, in response to the non-payment of rent, BRE invoked an acceleration clause in the lease and sent Zoom Tan a Notice of Monetary Default.  Zoom Tan continued to refuse to pay any rent.

On April 29, 2015, BRE sued Zoom Tan for breach of contract in the United States District Court for the Middle District of Florida.  Zoom Tan offered fourteen affirmative defenses, including, relevant to this appeal, a series of defenses based upon the premise that the permit denial precluded enforcement of the contract.  In the course of proceedings, both parties moved for summary judgment.  The district court granted BRE's motion, reasoning that Zoom Tan's affirmative defenses failed because it assumed the risk that its intended use of the premises may be prohibited by law and simply made a business decision to not appeal the permit denial or seek a variance.  Zoom Tan timely filed this appeal.

Zoom Tan's arguments boil down to the core claim that the permit denial excused Zoom Tan from its contractual obligation to pay rent.  Zoom Tan bases this argument on a general principle of Florida law: "Where parties contract for the use of a property which use is not allowed by law, the consideration wholly fails, and the money paid for the contract should be returned and the parties mutually

4

released."  La Rosa Del Monte Exp., Inc. v. G.S.W. Enters. Corp., 483 So. 2d 472, 473 (Fla. Dist. Ct. App. 1986) (citing Marks v. Fields, 36 So.2d 612 (Fla. 1948)).[1]

Here, we are unpersuaded by Zoom Tan's claim that the contract was rendered unenforceable by the permit denial.  To begin with, Zoom Tan repeatedly asserts, and BRE agrees, that the relevant zoning regulation did not actually prohibit the operation of tanning salons, and thus that the denial of the permit was in error.  Zoom Tan asserts in its brief that "both parties knew that the City of Marco Island's relevant General Commercial ('C-4') Zoning Code did not prohibit tanning salons."  This distinguishes the case from La Rosa, in which "[i]t was uncontradicted . . . that the use of the property as prescribed in the lease was in violation of Miami's zoning ordinances."  La Rosa, 483 So. 2d at 473.  In this case,

---

[1]      All of Zoom Tan's asserted defenses -- lack of consideration, illegality, frustration of purpose, impossibility, impracticability, and mutual mistake -- turn on the alleged inability of Zoom Tan to use the property for the only purpose allowed by the lease.  See, e.g., 1700 Rinehart, LLC v. Advance Am., 51 So. 3d 535, 537 (Fla. Dist. Ct. App. 2010) (noting that "want of consideration" and "frustration of purpose" are legally equivalent terms that describe a situation "when the very purpose of an agreement has been totally frustrated"); Title & Trust Co. of Fla. v. Parker, 468 So. 2d 520, 524 (Fla. Dist. Ct. App. 1985) (explaining that "[w]here [a] contract contains a clause that is illegal," the contract need not be enforced); Barnacle Bill's Seafood Galley, Inc. v. Ford, 453 So. 2d 165, 167 (Fla. Dist. Ct. App. 1984) (explaining that "mutual mistake . . . of a fact existing at the time of the contract" can result in the cancelling of the contract); Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc., 174 So. 2d 614, 617 (Fla. Dist. Ct. App. 1965) ("'Impossibility of performance' refers to those factual situations . . . where the purposes, for which the contract was made, have, on one side, become impossible to perform. 'Frustration of purpose' refers to that condition surrounding the contracting parties where one of the parties finds that the purposes for which he bargained, and which purposes were known to the other party, have been frustrated because of the failure of consideration, or impossibility of performance by the other party."); see also Valencia Ctr., 464 So. 2d at 1269 (noting that "impossibility of performance can include extreme impracticability of performance").

it is uncontested that the use was <u>not</u> in violation of the relevant zoning ordinance.[2]

Zoom Tan even admits that it could have appealed the "erroneous" denial; in fact, Zoom Tan expressly acknowledges that it had a two-week window in which to appeal. By all accounts, then, Zoom Tan could have eliminated this frustration by simply appealing the permit denial. Its decision not to do so, concededly based largely on its "[lack of] interest in spending money on attorneys," precludes it from arguing that circumstances "beyond its control" frustrated the purpose of the lease agreement. See <u>City of Tampa v. City of Port Tampa</u>, 127 So. 2d 119, 120 (Fla. Dist. Ct. App. 1961) ("Inconvenience . . . cannot excuse a party from the performance of an absolute and unqualified undertaking to do a thing that is possible and lawful."); <u>Valencia Ctr., Inc. v. Publix Super Markets, Inc.</u>, 464 So. 2d 1267, 1269 (Fla. Dist. Ct. App. 1985) ("[C]ourts are reluctant to excuse performance that is not impossible but merely . . . profitless[ ] and expensive.").

Zoom Tan suggests that it "'attempt[ed]' to appeal the denial of its permit by relying on [BRE's] assurance that it would help to do so," but it cannot shift the blame for its failure to actually appeal the denial so easily. First, Zoom Tan expressly disclaims on appeal any argument based on equitable estoppel. See <u>Dean Witter Reynolds, Inc. v. Fernandez</u>, 741 F.2d 355, 360 (11th Cir. 1984)

---

[2]    The parties agree this lack of prohibition was undisputedly evidenced by (1) an explicit reference to sun-tanning in the City's minimum off-site parking requirements, and (2) the unhindered construction of a different tanning salon across the street.

("Except for questions concerning the power of the court to order relief, an appellate court generally will not consider a legal issue or theory unless it was presented to the trial court."). And regardless, Zoom Tan concedes that it didn't inform BRE of the permit denial until thirteen days after being notified of it -- one day shy of the two-week deadline they claim applied. Zoom Tan cannot plausibly argue that it relied on BRE to appeal when it didn't even inform BRE of the need for appeal until the day before the deadline expired. And though Zoom Tan says in its briefs that the City's initial refusal "signaled that any 'formal' appeal . . . would have been futile," it has made no showing of futility. Zoom Tan does not provide any evidence, much less any disputed, material evidence, that it would not have been successful on appeal; indeed, its repeated mantra describing the permit denial as "unexpected, erroneous, and arbitrary" suggests to this Court that Zoom Tan had at least a reasonable chance to obtain the permit on appeal. Nor does Zoom Tan begin to provide any evidence at all that appealing the permit denial would have involved "unreasonable expense." Cf. Hopfenspirger v. West, 949 So. 2d. 1050, 1054 (Fla. Dist. Ct. App. 2006).

Zoom Tan has, quite simply, failed to show that the zoning ordinance at issue frustrated the purpose of the contract by actually prohibiting it from operating a tanning salon on the premises. Rather, the undisputed record reveals that Zoom Tan's failure to appeal what both parties recognize as an "erroneous" permit denial

is what frustrated its purpose for entering the lease agreement -- not the zoning ordinance itself.  Zoom Tan has thus not provided us with any evidence to suggest that it was properly excused from taking possession and paying rent under the lease, and accordingly, the district court correctly granted summary judgment to BRE.

**AFFIRMED.**[3]

---

[3]    In addition, because Zoom Tan has moved us to take judicial notice of an ordinance distinct from, and irrelevant to, the ordinance involved in the case at hand, we DENY its motion to take judicial notice. See Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC, 369 F.3d 1197, 1204 (11th Cir. 2004) ("Adjudicative facts are facts that are relevant to a determination of the claims presented in a case.").