**SHORE INVESTMENT COMPANY, a Florida Corporation, v. HOTEL TRINIDAD, INC., a Florida Corporation.**

29 So. (2nd) 696                                    January Term, 1947
April 1, 1947                                              Division A

*Thomas H. Anderson,* and *Herbert L. Nadeau,* for petitioner.

*Meyer, Weiss & Rosen,* for respondent.

TERRELL, J.:

Shore Investment Company executed a ninety-nine year lease to Hotel Trinidad, Inc., describing certain real property in Miami Beach. The lease authorized respondent to demolish the buildings on the premises for the purpose of erecting apartment or hotel buildings thereon, the latter to be completed within six months from the commencement of de-

molition. Prior to demolition the lessee was required to execute a good and valid contract in favor of the lessor to erect the apartment or hotel buildings. The lessee demolished the old building without making this contract and the new structures have never been started.

Petitioner instituted an action at law to regain possession of the premises, based on violation of the lease. Respondent countered with a suit in equity alleging that the violation of its contract resulted from inability to secure permit from the Civilian Production Authority to secure necessary materials. Injunction was issued restraining petitioner from prosecuting the suit at law. We are confronted with certiorari to review to the latter decree.

The question for determination is whether or not the chancellor committed error in restraining further prosecution of the action to recover possession of the leased premises.

We think that this question must be answered in the affirmative. By the terms of the lease the leasee had the option to erect the hotel or apartment, it was not required that he do so. If attempted the hotel or apartments must be completed within six months from date of starting demolition and contract for their construction was required to be with a responsible contractor prior to commencement of demolition. None of these provisions was complied with and in fact was not attempted till after demolition.

Respondent plants its defense primarily on the theory that his failure to perform resulted from refusal of the Civilian Production Authority, a governmental agency, to grant the necessary permit for materials to erect the hotel or apartment building.

We do not think such a defense was available to him. Knowledge of the situation was well known or could have been known by casual inquiry and the dominant rule seems to be that where performance of a contract becomes impossible after it is executed, or if knowledge of the facts making performance impossible were available to the promisor, he cannot invoke them as a defense to performance. The facts offered as a defense here were easily available to respondent. Elwood et al v. Nutex Oil Co. (Tex. Civ. App.) 148 S.W. (2)

862; Otto v. Orange Screen Co., 57 Fed. Supp. 134; 17 C.J.S. 953; John Soley & Sons, Inc. v. Jones, 208 Mass. 561, 95 N.E. 94.

Appellee urges that since it was frustrated in the performance of its agreement by means over which it had no control, equity should now intervene and grant it relief from the rigid rule of the law. Any other rule it is contended, would be harsh and inequitable.

There would be much to this contention if appellee had not been directly responsible for the predicament in which it finds itself, but equity cannot be invoked to relieve one against his own wrong. United Societies Committee v. Madison Square Garden, 59 N.Y.S. (2) 475; J. C. Lysle Milling Co. v. Sharp (Mo.) 207 S.W. 72; Spur Distributing Co. v. Husbands, 276 Ky. 521, 124 S.W. (2) 463.

Certiorari is granted and the judgment appealed from is quashed.

It is so ordered.

THOMAS, C.J., CHAPMAN, J. and MILLARD B. SMITH, Associate Justice, concur.