Morris E. Spector, J.
This is an action to declare a lease invalid and for a return of the money paid as rent and security. An action for three months’ rent commenced in the Municipal Court had been transferred to this court and consolidated with this proceeding.
The plaintiff alleges that the lease was entered into either through mutual mistake of the parties or through his mistake and fraud of the defendant. The plaintiff desired to rent the premises for use as an “ iron worker ”. The prior tenant had used it for a general contractor’s business. However, due to a change in the zoning regulations, these premises which were formerly in a business use district had been changed to a residential use district. Nevertheless, under section 6 of the Zoning Resolution of the City of New York, the prior tenant had been permitted the continuing nonconforming use. By paragraph 45 of the lease between the parties, the tenant was to obtain a proper certificate of occupancy, make all necessary alterations and repairs to comply with the law, pay the rent whether he occupied the premises or not, and, specifically, that no representation was made by the landlord that the premises might he used for *655 ironwork, but that tenant represented that the present certificate of occupancy allowed such use or, if not, he would secure a proper certificate of occupancy. “It is the law of this state that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance.” (People v. Miller, 304 N. Y. 105, 107.) And it may be that, despite the ordinance, a change of use is permissible so long as the same general use exists without the imposition of added hazards or other undesirable features (Rathkopf, Law of Zoning and Planning [3d ed., 1959 Supp.], p. 15). In accordance with the above, the tenant might have been able to secure a variance, or such variance might not have been necessary. However, the evidence produced showed that he did nothing except discuss the matter with an attorney.
In any event, there is ample evidence that he was fully apprised of the zoning question and knew or should have known the implications. In fact, although the lease was drawn by defendant’s attorney, he would not permit it to be signed unless plaintiff was represented by an attorney, whereupon plaintiff took the lease with him and later returned it signed. To claim now that he did not know the purport of this paragraph of the lease, did not know the zoning difficulty and was defrauded by the defendant, is untenable.
Accordingly, judgment is found for the defendant and the complaint dismissed. On the action for rent, judgment is found for the landlord in the amount of $375, with interest and costs.