313 So.2d 88 (1975)
Stanley D. CAIDIN, Appellant,
v.
Fred POLEY, Appellee.
No. 74-767.
District Court of Appeal of Florida, Fourth District.
May 9, 1975.
Rehearing Denied June 16, 1975.
*89 Ivan Benjamin, North Miami Beach, and Stanley D. Caidin, Caidin, Rothenberg, Kogan & Kornblum, Miami, for appellant.
No appearance for appellee.
WALDEN, Judge.
This is a suit for money damages based upon a breach of contract. The defendant agreed by written contract to sell to the plaintiff a 25% interest in a certain trust agreement. It pertained to a condominium recreation and easement area. It was specifically provided in the contract, as follows:
"The seller, [Fred Poley], guarantees and warrants that he is the owner of an undivided twenty-five (25%) percent in said Trust Agreement; that he has full power to convey the same; ..."
Defendant's signature was subscribed to by one witness. A copy of the trust agreement in question was furnished to the plaintiff prior to the execution of the contract in question.
The trust agreement included the proviso,
"No assignment of any interest hereunder ... shall be valid without the written approval of all of the other beneficiaries who possess such power of direction."
The defendant refused to close because the remaining beneficiaries had refused to approve the assignment of the defendant's 25% interest to the plaintiff and because, as the trial court found in the judgment recitals:
"6. POLEY was not a trustee and had no interest in the trust agreement other than a beneficiary thereunder of a Twenty-five percent (25%) undivided interest."
Trial before the court was had, resulting in a final judgment in favor of the defendant. Basically, the trial court denied judgment to the plaintiff on the legal grounds that (1) the signatures of the parties to the contract were not properly witnessed, and (2) there was a mutual mistake of facts as at the time of signing the contract the defendant was not trustee under the trust agreement. We respectfully reverse on both grounds and remand with instructions.
In Koplon v. Smith, 271 So.2d 762 (Fla. 1972), it was held that there is no requirement for two subscribing witnesses to a contract for deed save when homestead is involved. See also Dolan v. Wright, 289 So.2d 777 (4th D.C.A. Fla. 1974) and Con-Dev of Vero Beach, Inc. v. Casano, 272 So.2d 203 (4th D.C.A. Fla. 1973). Defendant, therefore, became liable for performance upon signing the contract. The property was not claimed as homestead, both defendant and his wife executed a quit claim deed in favor of the plaintiff which was brought to the closing. Although it is evident that the sellers intended to transfer the property unencumbered *90 by dower by virtue of the quit claim deed, which was available at closing, the wife did not sign the contract for deed, and the quit claim deed was not delivered to plaintiff. It appears, therefore, that defendant is only liable for his promised interest in the property. Plaintiff has informed that he was willing to take the property subject to the wife's right of dower, hence the fact of only one signature is not a defense.
We turn to the finding of mutual mistake as grounds for voiding the contract. This finding was error, as there was no mutual mistake in a legal sense. The prospective buyer made a contract for a certain interest in a trust, and made no mistake as to the subject matter, price or terms of the contract. The buyer did not rely upon any representation that seller was a trustee. It was not promisor's position as trustee that was crucial to the contract, it was promisor's stated ability to transfer the desired interest. See 13 Williston on Contracts, § 1535 (1970).
That the beneficiaries did not approve the transmittal created a supervening impossibility (impossibility that occurs after a contract is made). It remains to be seen if the defense of impossibility is available to the promisor:
"It is a basic principle that for supervening impossibility of performance to operate as a defense available to a contractual promisor, it must be fortuitous and unavoidable on his part." 17 Am.Jur.2d Contracts, § 406 (1964)
See, 7 Fla.Jur., Contracts, § 149 (1956).
We note that the promisor did not make the contract subject to the approval of the beneficiaries. Such a clause would have covered the possibility that the beneficiaries would not sign. Since the seller did not make the contract subject to that approval, the promisee purchaser could have properly and reasonably assumed that seller already had, or had arranged to get, the approval of the beneficiaries because he warranted he had the power to convey. The record clearly reveals that defendant breached the covenant that he had full power to convey his interest in the property.
In Shore Investment Co. v. Hotel Trinidad, Inc., 158 Fla. 682, 29 So.2d 696 (1947), the Supreme Court denied the defense of impossibility to a lessee who was defending an action by lessor to regain possession. Lessee had claimed it was impossible to conform to certain lease options because a government agency refused certain permits; the court held:
"We do not think such a defense was available to him. Knowledge of the situation was well known or could have been known by casual inquiry and the dominant rule seems to be that where performance of a contract becomes impossible after it is executed, or if knowledge of the facts making performance impossible were available to the promisor, he cannot invoke them as a defense to performance. The facts offered as a defense here were easily available to respondent." 158 Fla. at 683, 29 So.2d at 697.
See Metropolitan Dade County v. Babcock Co., 287 So.2d 139 (3d D.C.A. Fla. 1973). Cf. Sharp v. Long, 283 So.2d 567 (4th D.C.A. Fla. 1973).
Thus, we hold that defendant breached his contract entitling plaintiff to such damages as may have been proven in accordance with law. We remand with respect ful instructions to assess and determine plaintiff's damages and to enter judgment in his favor accordingly.
Reversed and remanded.
OWEN, C.J., and CROSS, J., concur.