368 So.2d 913 (1979)
John Errol LEE, Appellant,
v.
BOWLERAMA ENTERPRISES, INC., Appellee.
No. 78-793.
District Court of Appeal of Florida, Third District.
March 6, 1979.
Rehearing Denied April 9, 1979.
*914 Long & Smith and Harold Long, Jr., Miami, for appellant.
Greene & Cooper and Marc Cooper, Miami, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, defendant and counterclaimant below, brings this appeal from an order dismissing his counterclaim. Appellee, plaintiff below, cross-appeals from a final judgment entered pursuant to a jury verdict in favor of appellant. We affirm in part and reverse in part.
Appellant, as lessee, entered into an agreement with appellee, as lessor, to lease a building known as Bowlerama. On January 8, 1975, a lease agreement, option to purchase, and an addendum were executed by the parties. Among the provisions of the lease agreement were the following, paraphrased: the premises were to be used and occupied by the lessee as a nightclub, and for no other purpose; the lessee undertook to occupy the premises subject to city, county, and state regulations and covenanted to comply with all applicable regulations and licensing requirements; and the parties agreed that lessee's failure to pay the rent due or to fully perform any act required of him in the performance of the lease would constitute a default entitling the lessor to collect any rent due, plus attorney's fees and costs incurred if legal action was required. Further Section 19 of the lease provided:
"ZONING. Lessor covenants and warrants that the zoning of the property does allow for a liquor and nightclub license."
The addendum stated in Section 4 as follows:
"ZONING. That a condition precedent to this contract shall be that zoning for the site, which is the subject matter of this contract, shall be properly zoned so as to support the establishment of a nite [sic] club on the premises."
After entering into the agreements, appellant paid $11,024 for the first and last month's rent, $10,000 for the right to purchase the property, and $60,000 for security, for a total amount of $81,024. Also, appellant expended sums for architectural fees, insurance premiums, and equipment.
The record shows that the subject property is located in the general commercial district of the City of Miami, designated C-4 in the City's zoning laws. This type of zoning supports the operation of a nightclub; however, there are additional zoning requirements for the operation of a nightclub in the C-4 zone that specify the number of parking spaces which must be provided based on the size of the building and which also limit the distance which must exist between business establishments which sell liquor before a certificate of occupancy will be issued.
*915 The record further shows that appellant planned to open a nightclub with a 1200 person capacity; however, he was unable to obtain variances from the zoning board to provide parking spaces for the number of patrons he desired to accommodate. The zoning board's decision was not appealed to either the planning board or the city commission. Appellant could have obtained city approval for a nightclub with a smaller number of patrons without pursuing any appeals, but chose not to do so.
There is more than one type of liquor license available in the City of Miami. A 4-COP license mandates certain distance requirements from other establishments which sell liquor. In this case, appellant could not meet these requirements; however, he could have applied for a special use SRX license. This type of license contains no distance limitations. A SRX liquor license requires only sufficient parking, a minimum dimension of 4000 square feet, accommodations for 200 patrons, equipment to serve full course meals, 400 square feet of dance floor, and live music. Although nothing in the record shows that the requirements for a SRX liquor license could not be met, appellant never attempted to obtain one.
Appellant's affirmative defenses and counterclaim were based on the same theory; he contended that although the premises were zoned to support a nightclub, his inability to obtain approval for the number of parking spaces he desired or the type of liquor license he sought obviated the lease agreement.
During the course of the proceedings below, appellee moved for summary judgment and attacked the applicable zoning and licensing regulations. The trial court granted it a partial summary judgment which reads, in pertinent part, as follows:
"2. The court finds that there are no material issues of fact to be tried concerning the question of zoning of the property involved in this cause.
"3. As a matter of law the Court finds that the property is in fact zoned for a nightclub."
Thereafter, appellant petitioned for a rehearing on the order which was denied; however, the trial court permitted appellant to try the issues raised in his counterclaim and affirmative defenses. At the close of the evidence, the trial court ruled that appellant was not entitled to rescission. Appellee then moved for a directed verdict on appellant's counterclaim and the trial court granted its motion. Appellee then moved for a directed verdict on its complaint for rent due contending that the dismissal of appellant's counterclaim also disposed of his affirmative defenses, thereby entitling it to a judgment on the complaint. This motion was denied. The trial court allowed appellant to argue his affirmative defense that frustration of purpose vitiated his obligation to pay rent. Thereafter, the jury entered a verdict for appellant and specified that no further payments were due. The trial court then entered a final judgment in favor of appellant on March 24, 1978. From the order dismissing his counterclaim, appellant appeals; and from the trial court's denial of its motion for judgment in accordance with its motion for a directed verdict, appellee cross-appeals.
Appellant raises two points on appeal: (1) that the trial court erred in dismissing his counterclaim for rescission of the contract and for damages before submitting the case to the jury, and (2) that the trial court erred in failing to order the return of his deposit for the option to purchase because the condition precedent under the contract had not been met.
Appellee's point on its cross-appeal is that the trial court erred in failing to order a directed verdict awarding it the full amount due under the lease.
In our opinion the trial court was correct in refusing to submit appellant's counterclaim to the jury. The lease agreement provided that appellee would lease the subject property to appellant for the sole purpose of operating a nightclub. In addition, appellee warranted that the zoning of the property allowed for a liquor and nightclub license. The trial court in its partial summary judgment ruled that the zoning of *916 the property did allow for a liquor and nightclub license. The record shows that appellant planned to open a nightclub with a seating capacity of 1200 persons. When his efforts to obtain parking spaces for that number of persons were blocked, he neither pursued any appeals or tried to get approval for a lesser number of spaces to operate a nightclub accommodating fewer than 1200 persons. Appellant tried to obtain a 4-COP liquor license, but failed to do so because the property was too close to another business which sold liquor. He never sought, as an alternative, a SRX liquor license which had no distance requirements, although the zoning would have permitted him to do so. Thus, the record shows, as the trial court found, that the zoning conditions of the lease and addendum were met by appellee. The subject property could be used for a nightclub, albeit not for one as large as desired by appellant. Under these circumstances the trial court correctly dismissed appellant's counterclaim for rescission and damages. See Fla.R.Civ.P. 1.510(d). Also, because the conditions precedent under the agreements had been met, the trial court, under the facts of this case, was correct in refusing to order the return of appellant's deposit on the purchase agreement because neither the doctrine of impossibility or economic frustration were applicable as a defense. See, e.g., Shore Investment Co. v. Hotel Trinidad, 158 Fla. 682, 29 So.2d 696 (1947); Donelly v. Marriott Corp., 266 So.2d 183 (Fla. 3d DCA 1972); City of Miami Beach v. Championship Sports, Inc., 200 So.2d 583 (Fla. 3d DCA 1967); City of Tampa v. City of Port Tampa, 127 So.2d 119 (Fla. 2d DCA 1961); and cf. Hamilton v. Title Insurance Agency of Tampa, Inc., 338 So.2d 569 (Fla. 2d DCA 1976) (performance of contract specifically conditioned upon procurement of building permits).
However, because of our determination above that appellee did not breach the lease, we believe that the trial court erred in not directing a verdict for appellee and asking the jury to determine the amount of any damages, i.e., rent, due it. See Wagner v. Rice, 97 So.2d 267 (Fla. 1957).
Accordingly, the judgment of the trial court dismissing appellant's counterclaim is affirmed; however, the trial court's order denying appellee's motion for judgment in accord with its motion for directed verdict is reversed and the cause is remanded to the trial court with directions to enter judgment for appellee and to properly ascertain the amount of damages due appellee.
Affirmed in part, reversed in part, and remanded with directions.