LETTS, Chief Judge.
Appellee entered into a sales agreement to buy a parcel of real estate from appellant. Said agreement provided that it was “contingent on the buyers’ ability to secure a building permit from the City of Stuart for an office building and warehouse complex within 60 days.” The agreement made no reference to any specific office building and warehouse complex of any particular size, nature or description. As it turned out, the buyer was unable to get a permit for a complex as large as he desired. Therefore, when the sixty days for obtaining a permit passed, he sued for recovery of his deposit made pursuant to the agreement. The lower court entered a final summary judgment in his favor, granting him a return of the deposit. We affirm.
The seller suggests that what we have here is a purchaser who placed a vague contingency in a sales agreement and then designed his proposed building «so as to insure that the contingency could not be fulfilled. However the record does not support any such course of conduct. All the record reveals is that the plans presented for the building were rejected by the city because of insufficient parking spaces (we are not told the number). The record then shows a resubmission of the plans with an increase from twelve to eighteen parking spaces and a decrease in area of the proposed building from 15,000 square feet to 11,700 square feet. There is no showing why this amended set of plans was rejected. In fact, there is not even an allegation or a showing that the original plans presented were anything other than those contemplated when the contingency was written into the agreement.
When a sales agreement contains a contingency such as this, the buyer has to make a showing of a good faith effort to comply with it. The timely submission of plans to the building department is in and of itself evidence of such good faith, particularly so in this instance because of evidence of resubmission of an amended plan with less square footage and fifty percent more parking. At that juncture the seller had the burden of demonstrating some bad faith which was not done here. There is no allegation nor any evidence that the purchaser did not proceed in good faith. Ergo, under the terms of the sales agreement he is entitled to a return of his deposit.
This case is distinguishable from Lee v. Bowlerama Enterprises, Inc., 368 So.2d 913 (Fla.3d DCA 1979), relied on by the seller. In Lee the court carefully pointed out that *660 there was no attempt to get approval for a smaller building and no attempt to secure a readily available alternative liquor license. Thus in Lee there was evidence to support a showing of lack of good faith, while in the case now before us there is none.
AFFIRMED.
DOWNEY and WALDEN, JJ., concur.