FRANK, Judge.
In June of 1984, Sirkin, the seller, entered into a written contract for the sale to Hutchcraft of real property located in Hills-borough County. Century 21-Brandon Realty, Inc., acted as the broker.[1] Hutchcraft intended to construct a commercial warehouse on the property.
The addendum to the contract required that Hutchcraft:
*766 ... apply for a building permit and file building plans and specifications with Hillsborough County within three (3) weeks of the date of acceptance of this Contract by the Seller. Buyer shall have sixty (60) days from the date of filing his building plans and specifications within which to obtain approval thereof from the county. If Buyer fails to obtain such approval by the end of said sixty (60) day period or such other period of time as necessary but not to exceed six months, this contract shall be null and void and the deposit shall be returned to the Buyer. Buyer will make progress report on a bi-weekly basis to the Seller.
The addendum further provided that the closing was to take place within ten days following Hillsborough County’s approval of Hutchcraft’s plans.
On August 22, 1984, Hutchcraft, in a hand written communication, notified Century 21 that:
I have hired an Engineer at Delta Engineer Co. He gave me the size of bldgs., drainage ponds and road location in order that I may figure my total investment in bldgs. & property. When I figured the cost of both I found that there would only be approximately % acre of land to be built on. I therefore closed the engineering down because I felt at that time I could not make a fair return on my investment. I therefore do not want this property under these conditions. Because not enough warehouse space for the amt. of investments. All that I have is a Big Lake.
Shortly thereafter, Sirkin made a demand upon Hutchcraft to close on the property and provided him with the necessary documents. The closing was set for September 14,1984 at 11:00 AM, a date beyond the 60 day period prescribed in the addendum in which Hutchcraft was to procure approval of his building plans and specifications from Hillsborough County. Three days prior to that date, however, Hutchcraft advised Sirkin that the real estate contract was void under provision two of the addendum for the reason that he “was unable to even apply for a building permit after receiving the preliminary land use plan from his engineer.” Hutchcraft claimed he was entitled to a refund of his $3,000.00 escrow deposit held by Century 21. Hutchcraft did not appear at the closing and subsequently Sirkin’s attorney directed a letter to Hutchcraft announcing that his refusal to close constituted a breach of the contract thus entitling Sirkin to receive the $3,000.00.
On October 19,1984 Hutchcraft filed suit against Sirkin and Century 21 seeking the return of the $3,000.00. Hutchcraft alleged- he was unable to obtain the necessary building permit and, as a result he was unable to satisfy the conditions of the contract. Sirkin filed an answer and affirmative defenses together with a counterclaim seeking specific performance of the contract, damages resulting from the breach of contract and retention of the $3,000.00 deposit as liquidated damages.
Based upon the opinion of his counsel that the counterclaim would likely be deemed meritorious, Hutchcraft informed Sirkin on April 15, 1985 that he was then willing to purchase the property. Sirkin had, however, undertaken an effort to locate another buyer. He was, of course, willing to sell the property to Hutchcraft but only if Hutchcraft would deposit an additional $7,000.00 with Century 21. Hutchcraft refused to make the additional deposit and Sirkin continued his search for another purchaser.
Hutchcraft answered Sirkin’s counterclaim denying that he was obligated to purchase the property. At the same time, however, he filed an offer of judgment with the trial court, stating that he was willing to allow judgment to be entered against him but only as to Sirkin’s claim for specific performance. Hutchcraft’s attorney advised Sirkin’s attorney of the offer of judgment and stated that he was willing to close on May 15, 1985. Hutch-craft’s attorney also stated that he was aware of another offer for the property and that should Sirkin accept that offer “[Hutchcraft] will treat it as a waiver by *767 [Sirkin] of any claim against Hutchcraft, after which [Hutchcraft] will disclaim any liability under the contract whatsoever.”
On May 8, 1985, Sirkin sold the property for a sum greater than had been agreed upon with Hutchcraft. The next day Sirkin voluntarily dismissed, with prejudice, his specific pérformance and breach of contract action. Over a month later, Hutch-craft filed an amended complaint alleging, inter alia, that Sirkin had breached the contract for sale by selling the property to a third person.
A final judgment was entered on May 8, 1986, against Sirkin and in favor of Hutch-craft and Century 21. The trial court concluded that Hutchcraft “owned a contractual right to purchase” the real property from Sirkin. The trial court awarded Hutchcraft $20,000.00, that sum being the difference between the price Hutchcraft had agreed to pay for the property and the actual price paid to Sirkin by the ultimate purchaser. In addition, Hutchcraft was awarded $1,500.00, the amount he had expended for engineering plans, the escrow deposit and a reasonable attorney’s fee. Century 21 was awarded a broker’s commission plus interest and an attorney’s fee pursuant to the contract. We reverse.
The addendum contained the condition that Hutchcraft obtain acceptance from Hillsborough County of building plans and specifications associated with the proposed construction within 60 days from their submission to the County but no later than six months from the date of acceptance of the contract by Sirkin. The contract was accepted by Sirkin on June 13, 1984. Hutch-craft had at the latest until December 13, 1984, to satisfy the condition. Hutchcraft testified at trial that he never applied for a building permit. He further admitted, consistent with the August 22 note sent to Sirkin, that his decision not to purchase the property was based on “dollars,” not on the county’s refusal of a building permit.
Hutchcraft cannot escape from his declaration in August of 1984 that he had no intention of purchasing the property. At that time Hutchcraft anticipatorily repudiated the contract; i.e., he declined to fulfill his contractual undertaking at a time prior to expiration of the condition’s term. Hospital Mortgage Group v. First Prudential Development Corp., 411 So.2d 181 (Fla.1982). The non-breaching party is, at that moment, relieved of its duty to perform. Id. Moreover, the innocent party has an immediate cause of action against the party committing the breach. Id. at 182 citing Poinsettia Dairy Products, Inc. v. Wessel Co., 123 Fla. 120, 166 So. 306 (Fla.1936). Thus the contract was breached and at an end upon Hutchcraft’s repudiation. He cannot now attempt to avoid liability for such breach by claiming he exerted a good faith effort to comply with the condition found in the addendum to the contract.
The duty imposed on a party required by contract to satisfy a condition of that contract is one of “good faith.” Galt View Apartments, Inc. v. Fazio, 490 So.2d 1005 (Fla. 4th DCA 1986). In a context paralleling the one before us, it was determined that “[w]hen a sales agreement contains a contingency such as this, the buyer has to make a showing of a good faith effort to comply with it.” Steffens v. Urgo, 425 So.2d 658, 659 (Fla. 4th DCA 1983). The court observed in Urgo that the submission of building plans to the appropriate governmental body is evidence of good faith. Id, Here, the record is barren of any evidence to support the finding of a good faith attempt on the part of Hutchcraft to comply with the condition. Cf. Hamilton v. Title Insurance Agency of Tampa, Inc., 338 So.2d 569 (Fla. 2d DCA 1976). Rather, the record wholly supports the absence of a “good faith” effort to satisfy the contractual requirement. Lee v. Bowlerama Enterprises, Inc., 368 So.2d 913 (Fla. 3d DCA 1979).
Finally, Hutchcraft’s April 15 offer to purchase the property did not resuscitate the initial agreement; it was a new offer which Sirkin had the right to reject when Hutchcraft would not enlarge the amount of the funds held in escrow.
*768 Based upon the foregoing, we reverse and vacate the final judgment in its entirety. This matter is remanded to the trial court for further proceedings consistent with this opinion and the relevant provisions of the sales agreement.
SCHOONOVER, A.C.J., and BOARDMAN, EDWARD F. (Ret.) J., concur.

. Century 21 interpleaded the $3,000.00 it held as Hutchcraft’s earnest money and appeared in the trial court as a defendant-counterclaimant. It has not, however, participated in the present proceeding. Our resolution of this dispute affects Century 21 only to the extent that it is Hutchcraft, not Sirkin, who upon remand is to become Century’s 21's judgment debtor in the amount assessed against Sirkin.