DELL, Judge.
Appellants, Thomas N. Jarrell, Jr., individually, and JNR Realty, Inc., and appellants, Charles Episalla and Joy Episalla, seek reversal of a summary final judgment in favor of appellee Connie Arquilla. The Episalla’s also seek reversal of an order granting attorney’s fees.
Appellee, Connie Arquilla, entered into a lease agreement with appellee, Charles Epi-salla. The parties’ respective spouses also joined in the lease. Pursuant to the lease agreement, appellee Arquilla paid the sum of $5,000 to appellant, JNR Realty, Inc., as a security deposit. At or about the same time as the execution of the lease, appel-lees Arquilla and Episalla executed an addendum to the lease that granted Arquilla the option to purchase the condominium apartment. The consideration for the option was the sum of $5,000. The addendum provided that “[t]he $5,000 option money referred to above is the same $5,000 referred to as a security deposit in the lease.” The addendum also provided that:
Lessor and lessee agree that this lease and addendum will be declared Null & *127 Void if lessee is not approved by the condominium association, and lessee will then be entitled to a refund of any and all monies paid to lessor.
Arquilla owned a small dog which she intended to take to the condominium. Ar-quilla admits in her brief that she signed the agreement with the knowledge that there was a restriction regarding pets at the condominium but states that she believed that the restriction might be relaxed in her case. Arquilla also states that her intent was to apply to the board in good faith with the intention that she be allowed to move into the residence with her pet. Arquilla further claims that she applied to the condominium association with the intent of being accepted with her pet. Epi-salla and Jarrell contend that the depositions and affidavits on file show that Ar-quilla did not exercise good faith in the performance of a condition of the contract in that among other things she failed to execute an application to lease the unit as required by the condominium association, she failed to pay the processing fee and informed the condominium association that although she was aware of the pet restriction, she intended to move into the unit with the pet and would not relinquish her pet.
Our review of the record satisfies us that genuine questions of material fact exist as to whether Arquilla made a good faith effort to obtain approval of the lease from condominium association. See Lee v. Bowlerama Enterprises, 368 So.2d 913 (Fla. 3d DCA 1979); Steffens v. Urgo, 425 So.2d 658 (Fla. 4th DCA 1983); Galt View Apartments v. Fazio, 490 So.2d 1005 (Fla. 4th DCA 1986). Accordingly, we reverse the summary final judgment in favor of appel-lee and the order awarding attorney’s fees to Arquilla and remand this cause for further proceedings.
REVERSED and REMANDED.
DOWNEY and STONE, JJ„ concur.