FRANK, Judge.
In January of 1984 the Grammaticos purchased a piece of property upon which a wooden sign had been erected belonging to Arbor Advertising. Thereafter Arbor and the Grammaticos negotiated a lease for a new sign. A map of the property was appended to the lease and identified the situs of the sign. The lease provides, in pertinent part, that: “In the event Lessee is unable to obtain the required permits from all governmental agencies, this lease shall be null and void and of no force and effect and any consideration exchanged in connection herewith shall be returned.”
A non-jury trial was held on June 24, 1987. The trial court, relying on Sirkin v. Hutchcraft, 507 So.2d 765 (Fla. 2d DCA 1987), determined that Arbor “made no good faith effort to diligently pursue its application or even to endeavor to seek the review with the department head which was clearly suggested and invited by the initial rejection of the permit application by the County “Tree” Office.” The trial court awarded the Grammaticos damages, in the form of anticipated rent, totalling $16,-963.27 together with costs. We reverse.
Arbor’s president, Andrew Bylenga, filed an application for a tree removal permit with the Pinellas County Department of Environmental Management on February 14,1984. It appears that the trees were an impediment to the proposed sign’s effectiveness. Although the Grammaticos believed the trees were pine, a memo in the record dated February 16,1984, initialed by Mr. Stowers, the then Director of the Department, discloses that the trees in question were environmentally protected cypress trees and that the height of the sign exceeded the zoning limitations. The application was denied by Mr. Collins, Chief of the Environmental Enforcement Division, in a letter dated February 17, 1984. It advised Bylenga, however, that he could appeal the adverse decision.
Arbor contends that it met the burden of showing good faith by having applied for the permit. The Grammaticos on the other hand point to Galt View Apartments, Inc. v. Fazio, 490 So.2d 1005 (Fla. 4th DCA 1986), and urge the notion that the application to the proper authorities, standing alone, is insufficient to establish Arbor’s good faith effort to satisfy the condition precedent in the absence of a post-denial effort to secure the permit through an appeal of the negative decision.
The record discloses that Bylenga repeatedly visited the Department’s offices for the purpose of persuading issuance of the required permit. Although the letter denying the permit explained that the decision could be appealed, the record also discloses a basis for Bylenga to believe that an appeal would have been futile. Cf Galt View (proposed and available alternatives were not pursued in order to attempt fulfillment of the contractual condition).
The trial court’s reliance on Sirkin v. Hutchcraft, 507 So.2d 765 (Fla. 2d DCA 1987), is misplaced. In Sirkin, the purchaser made absolutely no effort to apply for the necessary permits and the record disclosed that failure to procure the permits was motivated by a determination not to complete the contractual undertaking. Here, Bylenga did file the necessary application and sought to achieve the essential permits.
The final judgment is reversed and we remand for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and LEHAN, J., concur.