RYDER, Acting Chief Judge.
R.V. Land Development, Inc., the mortgagee, seeks review of a final judgment entered in favor of Deer Lake R.V. Resort, the mortgagor, in which the lower court found that Deer Lake had satisfied a condition in the mortgage entitling it to a reduction in the principal amount owed. While R.V. Land raises five issues Gn appeal, we can distil these issues to one: did the trial court err in determining that Deer Lake had exercised due diligence in attempting to obtain government approval for sales of individual lots as cooperatives or condominiums on the property subject to the mortgage. We hold the trial court did err, and reverse.
The mortgage in this case encumbered a recreational vehicle park. Deer Lake bought the park from R.V. Land for $2,600,000.00. The seller financed $450,000.00 of the purchase price. The promissory note stated that the principal amount payable was “subject to adjustment pursuant to sales contract in the event individual lot or cooperative sales are not permitted.” The contract for sale and purchase contained the following clause:
Purchaser [Deer Lake] shall pursue with due diligence the approval of appropriate governmental agencies of individual lot sales of the lots shown in the plat of Deer Lake R.V. Resort ... by condominium or cooperative (share) sales. In the event such approval of individual lot sales is not acquired within two years from date of closing, the sales price ... shall be reduced by $350,000.00, of which $150,000.00 shall be deducted from the first installment and $200,000.00 shall be deducted from the second installment [payment due on the note].
The following restriction appeared on the plat of the property: “this is not a subdivision — individual lot sales prohibited.”
Deer Lake paid only $100,000.00 on the promissory note. R.V. Land sued for the payment of the balance of $350,000.00, plus interest and attorney’s fees. The trial court found that Deer Lake exercised the required due diligence to obtain governmental approval and had been unable to do so. It therefore ruled in Deer Lake’s favor on its defense that it had satisfied the mortgage.
Deer Lake had the burden of showing it had complied with the contingency in the mortgage and the sales agreement before it was entitled to a reduction in the amount owed on the mortgage. The contract required due diligence on Deer Lake’s part. We have held that when an agreement contains a contingency such as this, the mortgagor must make a showing of a good faith effort to comply with it. See Sirkin v. Hutchcraft, 507 So.2d 765, 767 (Fla. 2d DCA 1987), citing Steffens v. Urgo, 425 So.2d 658, 659 (Fla. 4th DCA 1983).
The trial court found that due diligence did not compel Deer Lake to seek a change in the allowable land use or the governing law. The evidence simply does not support this finding. The sales contract provided that Deer Lake must use due diligence to obtain the approval of appropriate government *1112 agencies for individual lot sales. The plat of the property stated the individual lot sales were 'prohibited. Deer Lake’s own expert identified the critical problem as one of allowable land use: “[t]he issue of whether [the property is] supposed to be converted to a condominium or a cooperative is really irrelevant until you solve the land use problem.” He went on to state “you couldn’t sell the [cooperative or condominium] units until you’ve resolved the title problem, which is the restriction on the plat that prevents you from doing individual lot unit sales, individual lot sales.”
The expert then posed three possible ways this land use problem might have been solved. Deer Lake could have attempted to get an amended plat recorded with the county that did not contain the restriction on individual lot sales; it could have petitioned the county for a variance, or it could have asked the county to establish a new zoning classification for residentially owned recreational vehicles. The county attorney testified that if Deer Lake wanted to obtain an amendment to the zoning ordinance or plat, it could have proposed a new zoning district or the removal of the provision restricting recreational vehicle parks to rentals. Deer Lake did not take any of these steps.
We hold that, in order to exercise the due diligence required under the sales contract and note, Deer Lake had to at least seek appropriate changes in land use. The record contains no evidence that Deer Lake made a good faith effort to do so. Sirkin. We therefore reverse the final judgment in favor of Deer Lake, and remand to the trial court to enter judgment in favor of R.V. Land Development, Inc.
Reversed and remanded.
SCHOONOVER and QUINCE, JJ., concur.