712 So.2d 809 (1998)
AMERICAN AVIATION, INC., Appellant,
v.
AERO-FLIGHT SERVICE, INC. and Gregory D. Smith, Appellees.
No. 97-2069.
District Court of Appeal of Florida, Fourth District.
July 1, 1998.
*810 Anita C. Brannon of Townsend & Brannon, Tampa, for appellant.
William F. Cobb of Barnett & Barnard, P.A., Fort Lauderdale, for appellees.
OWEN, WILLIAM C., Jr., Senior Judge.
The bench trial of this suit for breach of contract resulted in a judgment for the defendants on the finding that it was impossible for defendants to perform. We reverse and remand.
Appellant buys and refurbishes aircraft for resale. It contracted with appellee Aero-Flight, which overhauls and sells Lear jet engines, for a specific engine[1] which at that time was disassembled and in the process of being overhauled. The contract provided a price, date for delivery, and the specification that at delivery the engine would have "zero" hours since overhaul and 4200 Cycles remaining.[2] Although the contract contained no express provision regarding the rights or obligations of the parties in the event the engine could not be certified as airworthy, it did expressly provide that risk of loss would pass from seller to buyer at "closing," i.e., upon payment and delivery. After Aero-Flight failed to deliver the engine, appellant purchased a replacement engine elsewhere at a higher cost.
Appellant brought this suit against appellees to recover its damages. Appellees pleaded impossibility of performance as an affirmative defense, and offered in proof of that defense testimony that Aero-Flight could not obtain certification for the engine because it had been "blacklisted" by the manufacturer.[3] The trial court's judgment for defendants was based on its finding that "[t]he contract was not breached by the defendants because of the impossibility of obtaining certification for the second engine..."
The doctrine of impossibility of performance should be employed with great caution if the relevant business risk was foreseeable at the inception of the agreement and could have been the subject of an express provision of the agreement. See Home Design Ctr. v. County Appliances, 563 So.2d 767 (Fla. 2d DCA 1990). Where performance of a contract becomes impossible after it is executed, if knowledge of the facts making performance impossible were available to the promisor, he cannot invoke them as a defense to performance. Shore Inv. Co. v. Hotel Trinidad, 158 Fla. 682, 29 So.2d 696 (1947). See also Caidin v. Poley, 313 So.2d 88 (Fla. 4th DCA 1975). If the risk of the event that has supervened to cause the alleged frustration was foreseeable there should have been provision for it in the contract, and the absence of such a provision gives rise to the inference that the risk was assumed. See City of Miami Beach v. Championship Sports, Inc., 200 So.2d 583 (Fla. 3d DCA 1967).
The court's finding indicates that the trial court believed there was an actual blacklisting of the engine since blacklisting was the sole basis upon which Aero-Flight claimed *811 the inability to obtain certification. The evidence was to the effect that a manufacturer would blacklist an engine only if it had been involved in a crash serious enough that the engine could not be restored to a safe operating condition. If the engine in question had been in a crash, then certainly that crash would have occurred prior to the signing of the contract and Aero-Flight, in possession of the records pertaining to the engine, would have been aware of it. As part of its business practice, Aero-Flight accepted the responsibility of having the engine tested and certified as airworthy when the overhaul was completed. Thus, obtaining certification was clearly a business risk which Aero-Flight could have shifted by contract from itself to the appellant. It chose not to do so by contract. It should not be allowed to accomplish the same effect by claiming impossibility of performance because of a supervening risk which was foreseeable to it.
We hold that defendant Aero-Flight's failure to perform was not excused by impossibility of performance, and thus it breached the contract entitling plaintiff to such damages as it may have proven at trial. The judgment is reversed and this cause remanded to the trial court for a determination of plaintiff's damages and for entry of judgment for plaintiff accordingly. Due to the passage of time the court may, in its discretion, take additional evidence for that purpose.
REVERSED AND REMANDED.
WARNER and FARMER, JJ., concur.
NOTES
[1] The contract was for two airframes and two engines. The airframes and one engine were delivered and paid for in accordance with the contract. This case involves only the second engine.
[2] Appellee Smith, the president of Aero-Flight, signed a guaranty of Aero-Flight's performance of the contract.
[3] In respect to that matter, however, Mr. Smith testified that before he became aware of any indication that the engine had been blacklisted by the manufacturer he had ordered the engine scrapped because the amount of parts required to complete overhaul of the engine made it economically unfeasible to continue.