SCHWARTZ, Chief Judge.
This is an action for non-payment of the rent provided in a lease of property for a potential billboard, which was defended on the sole ground of failure of consideration because existing zoning restrictions in fact prevented that use. See Marks v. Fields, 160 Fla. 789, 36 So.2d 612 (1948); La Rosa Del Monte, Inc. v. G.S.W. Enters. Corp., *735 483 So.2d 472 (Fla. 3d DCA 1986), review denied, 492 So.2d 1332 (Fla.1986).
The trial court, however, ruled as a matter of law that the defense was unavailable because the parties — most importantly the lessees, which were in the billboard business — (a) knew of the existing zoning deficiencies; (b) specifically bargained on that basis with the expectation that the lessees would see that the restrictions were removed; and (c) specifically eliminated a clause in the proposed lease which would have permitted the lessees to escape from its provisions if they were unable to use the property as contemplated.
We agree and therefore affirm the summary judgment entered for the appellee-lessor for the full amount of the unpaid rent. See Shore Inv. Co. v. Hotel Trinidad, Inc., 158 Fla. 682, 683, 29 So.2d 696, 697 (1947)(“[I]f knowledge of the facts making performance impossible were available to the promisor, he cannot invoke them as a defense to performance.”); Sarasota-Manatee Airport Auth. v. Racing Wheels, Inc., 5 B.R. 309, 313 (Bankr. M.D.Fla.1980)(“The [lesseej’s third defense of economic frustration is equally without merit for not only was the risk of failing to procure the necessary zoning changes foreseeable, it was clearly contemplated by the parties and the failure to make provision in the lease agreement for a denial of the zoning change indicates an assumption of such risk on the part of the [lessee].”); Rosigue v. Windley Cove, Ltd., 542 So.2d 1014 (Fla. 3d DCA 1989)(recision reversed when parties agreed to “take their chances” that existing building restrictions would be lifted); Caidin v. Poley, 313 So.2d 88 (Fla. 4th DCA 1975); see also Warshawsky v. American Auto. Prods. Co., 12 Ill.App.2d 178, 138 N.E.2d 816 (1956); Sachs Steel & Supply Co. v. St. Louis Auto Parts & Salvage Co., 322 S.W.2d 183 (Mo.App.1959); Schlesinger v. Levine, 28 Misc.2d 654, 212 N.Y.S.2d 904 (N.Y.Sup.Ct.1961). Compare Marks, 160 Fla. at 789, 36 So.2d at 612 (contrary dictum in case in which neither party knew of zoning restrictions).
Affirmed.