[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13494
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01641-CV-ORL-DAB

RICKY HARVEY,
CHRISTINE ANN HARVEY,

Plaintiffs-Appellees,

versus

LAKE BUENA VISTA RESORT, LLC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 5, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Lake Buena Vista Resort appeals the summary judgment in favor of Ricky and Christine Harvey. The district court concluded that the Resort violated the Interstate Land Sales Full Disclosure Act by failing to provide the Harveys with a property report and the district court concluded, in the alternative, that the Resort breached its contract with the Harveys by failing to complete their condominium within two years. We affirm on the alternative ground.

## I. BACKGROUND

On September 30, 2005, the Harveys executed a contract to purchase a condominium in Orlando, Florida, from Lake Buena Vista Resort. Several provisions of the contract stated that the transaction qualified for exemption from the Interstate Land Sales Act. Paragraph fourteen of the contract required completion of the unit within two years of execution of the contract except for events or occurrences that would render timely completion impossible. In August 2007, the Harveys sought rescission of the contract and a refund of their deposits on the ground that the Resort had violated the Act. The Resort refused to rescind the contract and delivered to the Harveys a certificate of occupancy on October 4, 2007.

Eleven days later, the Harveys filed a complaint that alleged the Resort violated the Act and breached their contract under Florida law. The Harveys

2

alleged that the Resort did not provide a property report as required by the Act and the Resort failed to complete construction of the condominium within two years as required by the contract.

The Harveys moved for summary judgment, and the magistrate judge, who the parties consented to resolve the action, granted the Harveys' motion. The magistrate judge concluded that the Resort was not entitled to an exemption from the Act because the force majeure and presale contingency clauses made the agreement to build the condominium within two years illusory. The magistrate judge concluded that the Resort violated the Act by failing to give the Harveys a property report and the Harveys were entitled to rescind the contract. The magistrate judge ruled, in the alternative, that the Resort breached its contract with the Harveys by failing to complete the condominium within two years.

## II. STANDARD OF REVIEW

We review a summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co., 480 F.3d 1254, 1258 (11th Cir. 2007). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III. DISCUSSION

The Resort challenges the summary judgment on two grounds. First, the Resort argues that its contract with the Harveys' was exempt from the Interstate Land Sales Act. Second, the Resort argues that there are genuine issues of material fact about whether it breached the contract. We need not address whether the conduct was governed by the Act because we affirm the decision that the Resort breached its contract with the Harveys.

The Resort failed to deliver a certificate of occupancy to the Harveys until October 4, 2007, five days after the two-year completion period allowed by the contract. Florida law instructs that a home is not "complete" until a certificate of occupancy is obtained and the buyer is able to occupy the home. Hollander v. K-Site 400 Assocs., 630 So. 2d 1153, 1154 (Fla. Dist. Ct. App. 1993). There is no dispute that the Resort failed to complete the construction within two years.

The Resort argues that there is a genuine issue of material fact about whether it was impossible to complete the condominium within two years. The doctrine of impossibility exists "where the purposes, for which the contract was made, have, on one side, become impossible to perform." Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc., 174 So. 2d 614, 617 (Fla. Dist. Ct. App. 1965). "[I]f knowledge of the facts making performance impossible were available to the

4

promisor" before execution of the contract, the defense of impossibility is not available. Shore Inv. Co. v. Hotel Trinidad, Inc., 29 So. 2d 696, 697 (Fla. 1947). In other words, a legal impossibility exists only if the supervening event is not foreseeable. Cook v. Deltona Corp., 753 F.2d 1552, 1558 (11th Cir. 1985).

The Resort argues that its delays are attributable to circumstances outside its control and are excused under the force majeure clause, but we disagree. The Resort blames the delays on the slow processing of a road permit after the 2004 hurricanes and a change in the building code, but these delays were foreseeable. An affidavit submitted by the Resort establishes that the road permit was issued in July 2005, but the Resort could have anticipated the delay in road construction before it entered its contract with the Harveys two months later. See East Coast Adver., Inc. v. Wiseheart, 862 So. 2d 734, 734–35 (Fla. Dist. Ct. App. 2003). The record also establishes that the building code was routinely revised every three years and the updated version was available in July 2004. A delay attributed to interpretation of the revised code was reasonably forseeable when the Resort agreed to build the Harveys' condominium. See American Aviation, Inc. v. Aero-Flight Serv., Inc., 712 So. 2d 809, 810–11 (Fla. Dist. Ct. App. 1998).

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of the Harveys.