# Third District Court of Appeal

**State of Florida**

Opinion filed March 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1886
Lower Tribunal No. 11-230-M
_____


**Marathon Sunsets, Inc., etc.,**
Appellant/Cross-Appellee,

vs.

**Greg Coldiron, et al.,**
Appellees/Cross-Appellants.


An appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Franklin D. Greenman (Marathon), for appellant/cross-appellee.

Horan, Wallace & Higgins, LLP, and Darren M. Horan (Key West), for appellees/cross-appellants.


Before WELLS, SHEPHERD and LAGOA, JJ.

SHEPHERD, J.

Dissatisfied with the results obtained below in an action brought by neighbors to enforce certain deed restrictions imposed on property in Marathon, Florida, both parties appeal. The property owner, Marathon Sunsets, Inc., challenges the trial court's injunction directing it to construct and maintain a traffic control device on Kyle Way East. Greg and Michelle Coldiron ask this Court to overturn the trial court's decision that the Tiki Hut bar, added to the restaurant site, does not violate the deed restriction authorizing use solely as a restaurant, defined as "a food service establishment deriving no less than fifty percent of its revenue from the sale of food and non-alcoholic beverages." Because substantial, competent evidence supports the trial court's ruling as to the restaurant only restriction, we affirm without further discussion. We reverse, however, the portion of the final judgment ordering Marathon Sunsets to reconstruct the previously dismantled gate on Kyle Way East.

Under the doctrine of impossibility of performance or frustration of purpose, a party is discharged from performing a contractual obligation which is impossible to perform and the party neither assumed the risk of impossibility nor could have acted to prevent the event rendering the performance impossible. See, e.g., Shore Inv. Co. v. Hotel Trinidad, Inc., 29 So. 2d 696 (Fla. 1947); Ferguson v. Ferguson, 54 So. 3d 553 (Fla. 3d DCA 2011); Leon Cnty. v. Gluesenkamp, 873 So. 2d 460 (Fla. 1st DCA 2004); Am. Aviation, Inc. v. Aero-Flight Serv., Inc., 712 So. 2d 809

(Fla. 4th DCA 1998). Evidence presented below clearly demonstrated Marathon Sunsets sought permission to reconstruct the gate to Kyle Way East after it was damaged and taken down as a result of certain sewer work in the area. A permit for the gate was categorically denied by the governing authorities. Under these circumstances, the doctrine of impossibility of performance applies, and the trial court erred in ordering Marathon Sunsets to do that which it may not do without the necessary permit.

Accordingly, we reverse the portion of the final judgment ordering construction of the gate, and affirm in all other respects.

3